Lizzie May **PERRY**, et al.,
Plaintiffs-Appellants,

v.

George W. **ROMNEY**, Individually and in his capacity as Secretary of Housing and Urban Development, et al., Defendants-Appellees.

No. 71–2126.

United States Court of Appeals,
Ninth Circuit.

Jan. 12, 1973.

Robert L. Bergstrom (argued), Stephen M. Randels, Legal Services Center, Seattle, Wash., David B. Bryson, National Housing & Development Law Project, Berkeley, Cal., for plaintiffs-appellants.

William Rubidge, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., Seattle, Wash., for defendants-appellees.

Before TRASK and CHOY, Circuit Judges, and BURNS,* District Judge.

PER CURIAM.

This is an appeal from an order of the District Court for the Western District of Washington dismissing for lack of jurisdiction. We dismiss the appeal as moot.

This action seeking injunctive and damages relief against the Department of Housing and Urban Development ("HUD") and its officials was commenced by the three named appellants on behalf of themselves and all other persons so situated.[1] Appellants are all home purchasers who received assistance through the Federal Mortgage Insurance Program, 12 U.S.C. § 1715z ("§ 235 Housing"). The gravamen of the complaint was that HUD allegedly insured and subsidized under § 235 housing

---

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

1. Before reaching the question of the propriety of maintenance of this case as a class action, the District Court, on its own motion, raised the question as to whether it had jurisdiction. Finding it did not, the Court dismissed.

which did not conform with state and local housing codes.

After this action was filed, Congress enacted 12 U.S.C. § 1735b(b) [hereinafter § 518(b)], which provides a remedy for those situated such as appellants. Just before oral argument on this appeal, appellees moved to dismiss the appeal as moot. In connection with this motion, appellees, by way of affidavit, showed that the three named appellants had taken advantage of § 518(b) remedies. Appellants Perry and Coleman had exchanged their allegedly defective § 235 houses for other § 235 houses which, presumably, are defect-free. Appellant Foster's § 235 house has undergone repairs under § 518(b), which presumably, will cure the defects alleged. At oral argument, appellants' counsel, with respect to these § 518(b) remedies, conceded that these three named appellants no longer have a viable claim for either injunctive relief or damages.

 From these facts we conclude that as to the named appellants, there no longer exists a "case or controversy" to which judicial power can extend. The Constitution, Article III, § 2, cl. 1, prohibits us from reaching the merits of this appeal. S. E. C. v. Medical Committee for Human Rights, 404 U.S. 403, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972); Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969). But we also consider whether as to the class which appellants sought to represent, the alleged wrongful behavior might be expected to recur so as to make it appropriate to reject the claim of mootness.

As to the other members of the "class," appellee's affidavit describes the effect that § 518(b) has had on them. The Seattle area office of HUD had, at the time of oral argument, received 658 requests for repairs. Of these, 152 were then undergoing processing; 327 had

been processed and the repairs completed. The remaining 179 had been reviewed and rejected, some as being untimely filed and some because the alleged defects did not affect "use or livability" of the house.[2] The affidavit further describes additional administrative steps which have been taken to assure not only livability but also code compliance.

 "[T]he alleged wrongful behavior" (404 U.S. at 406, 92 S.Ct. 577), i. e. HUD's financing of houses not in compliance with local codes, "could not reasonably be expected to recur" (404 U.S. at 406, 92 S.Ct. at 579) in a fashion fit for judicial review. Hence, the existence of 179 possible claims is not sufficient to sustain the viability of this appeal.[3] We dismiss the appeal as moot.[4]

---

2.  An unspecified number of the 179 rejections occurred, according to the affidavit, because the homes had been vacated at the time of inspection.

3.  § 518(b) forbids judicial review of administrative remedies under that section.

4.  For a discussion of the question of mootness on appeal, *see*, Note, Mootness on Appeal in the Supreme Court, 83 HARV. L.REV. 1672 (1970).